

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 514-7823

January 10, 2023

VIA CM/ECF

Deborah S. Hunt, Clerk of Court
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart United States Courthouse
100 E. Fifth St.
Cincinnati, OH 45202

      RE:   *Hardin v. ATF*, No. 20-6380 (oral argument scheduled January 19, 2023)

Dear Ms. Hunt:

      Under Federal Rule of Appellate Procedure 28(j), we write to notify the Court of decisions of other circuits related to the Department of Justice rule at issue here that have issued since the conclusion of briefing in this appeal.

      In *Guedes v. ATF*, No. 21-5045 (D.C. Cir. Aug. 9, 2022), the D.C. Circuit held that bump stocks qualify as machineguns under "the best interpretation of" 26 U.S.C. § 5845(b), which defines the term "machinegun," Op. 21, rendering consideration of deference issues unnecessary, Op. 8-10. The panel explained that the statutory definition encompasses bump stocks because "a single 'function' or 'pull' of the trigger by the shooter activates the multiple-shot sequence," and subsequent firing of multiple shots occurs automatically because the bump stock "regulates the weapon's back-and-forth movement after a predetermined point in an operation—the shooter's pull of the trigger—and remains self-regulating as long as the shooter maintains pressure on the barrel." Op. 18-19. A petition for rehearing is pending in *Guedes*.

      In *Cargill v. Garland*, No. 21-51016 (5th Cir. Dec. 14, 2021), a panel of the Fifth Circuit affirmed a grant of summary judgment in the government's favor, likewise holding that "the traditional tools of statutory interpretation

make it clear that the Bump Stock Rule's interpretation of the [National Firearms Act]'s definition of 'machinegun' is the best interpretation of the statute," Panel Op. 15-16, and declining to consider deference issues, Panel Op. 7 n.4. The Fifth Circuit subsequently vacated the panel opinion and granted rehearing en banc, *see* 37 F.4th 1091 (2022). Last Friday, the en banc Fifth Circuit reversed, holding that the statute is ambiguous and that the rule of lenity required the conclusion that bump stocks do not qualify under the statutory definition. En Banc Op. 2 n.*.

Copies of the panel decisions in *Guedes* and *Cargill* and the en banc decision in *Cargill* are attached for the Court's reference.

Sincerely,

*/s/ Brad Hinshelwood*
Brad Hinshelwood
Counsel for Appellees

cc:     All counsel (via CM/ECF)

Enclosures